**F/N/U ANDRI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–2576.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 20, 2009.

Opinion filed: Aug. 26, 2009.

---

Ephraim T. Mella, Esq., Philadelphia, PA, for Petitioner.

Kevin J. Conway, Esq., Richard M. Evans, Esq., United States Department of Justice, Office of Immigration Litigation, Gary J. Newkirk, Esq., Attorney General of the United States, United States Department of Justice, Washington, DC, for Respondent.

Before: MCKEE, NYGAARD and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

F/N/U Andri,[1] an ethnic Chinese Christian and native and citizen of Indonesia, petitions for review of the BIA's decision denying him withholding of removal. For the foregoing reasons, we will deny the petition.

Andri entered the United States on August 19, 2001, on a non-immigrant visitor visa. On May 15, 2003, the government filed a Notice to Appear charging Andri as being removable on the basis of overstaying his tourist visa in violation of INA § 237(a)(1)(B). On September 25, 2004, Andri filed an application for asylum and withholding of removal, but at his merits hearing, he withdrew his asylum application as untimely. Andri testified that he feared returning to Indonesia because of widespread violence against Chinese Christians by native Muslims. During the May 1998 riots, he testified, his grandfather's restaurant was vandalized by a mob of Muslims. He contacted the police, but did not obtain a police report. In June 1999, two Muslims approached Andri at a traffic light, banged on his car window and told him he did not deserve to stay in Indonesia because he was Chinese. Andri was a practicing Christian at the time he fled Indonesia and remains actively involved in his church here. Andri testified that his parents and other family members, who are active in their church in Indonesia, have not suffered any harm since he left for the United States. Andri also submitted extensive country conditions evidence regarding the mistreatment of Chinese Christians by Muslim native Indonesians.

The IJ determined that Andri had not demonstrated past persecution. The IJ further noted that Andri's family's continued existence in Indonesia without harm undermined Andri's effort to establish a sufficient likelihood of future persecution. The BIA affirmed, concluding that the harm Andri had suffered did not amount to past persecution, and that Andri had not demonstrated a well-founded fear of future persecution. The BIA determined that Andri had failed to demonstrate that he had been singled out for harassment, nor had he demonstrated that the country conditions evidence he had submitted established a "pattern or practice of persecution" of Chinese Christians in Indonesia. (BIA op., 2.) This petition for review followed.

---

1. "F/N/U" stands for "first name unknown."

We have jurisdiction over final orders of removal. 8 U.S.C. § 1252(a)(1). "Where the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ." *Wong v. Att'y Gen.*, 539 F.3d 225, 230 (3d Cir.2008) (citation omitted). Under the substantial evidence standard, we will defer to the BIA's factual findings unless the evidence compels a contrary conclusion. *Id.* To be entitled to withholding of removal, "a petitioner must establish a clear probability, meaning that it is more likely than not, that he/she would suffer persecution." *Id.* at 236 (citation omitted). If the petitioner cannot demonstrate past persecution or a likelihood of future individualized persecution, he may still be eligible for withholding of removal by demonstrating "that in that country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a protected ground. *See* 8 C.F.R. § 208.16(b)(2)(i).

In his petition for review, Andri argues that the BIA misread the IJ's decision, and that the IJ improperly disregarded his testimony as incredible. However, we review the decision of the BIA, not the IJ. *Wong*, 539 F.3d at 230. The BIA presumed the petitioner to be credible, and therefore did not base its decision on an adverse credibility finding. Andri also contends that the IJ improperly ignored the country conditions reports he had submitted with his application.

Substantial evidence supports the BIA's decision denying withholding of removal. As to past persecution, Andri testified about only two incidents—the vandalizing of his grandfather's store, and the incident in which Muslims yelled racial epithets at

Andri while he was stopped at a traffic light. The record does not compel the conclusion that these acts of discrimination and harassment constitute persecution. As to future persecution, Andri does not assert that he will be singled out. Instead, he contends that the mistreatment of Chinese Christians in Indonesia constitutes a "pattern or practice" of persecution, notwithstanding this Court's contrary decisions in *Wong*, 539 F.3d at 233 (noting that 2003 and 2004 country conditions reports document ongoing harassment of Chinese Indonesians and anti-Christian violence, but concluding that "reports do not indicate that such violence is widespread or systemic"), and *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005) (concluding that violence against Chinese Christians "does not appear to be sufficiently widespread as to constitute a pattern or practice" based on the 1998 and 1999 country conditions reports). Andri submitted an affidavit of an expert on Indonesian political economy and other evidence of the ongoing harassment of Chinese Christians, but he has not discussed these submissions specifically or offered any argument why these submissions require us to revisit our prior decisions on this question.[2] As a result, we find no error in the BIA's conclusion. Absent a pattern or practice of persecution, Andri cannot meet his burden to show that it is "more likely than not" that he will be persecuted. Therefore, substantial evidence supports the BIA's decision denying Andri withholding of removal. We will deny the petition for review.[3]

---

**2.** In his brief, Andri refers only to Exhibit 4, a country conditions report describing the rioting that began in May 1998. This reference is insufficient to compel the conclusion that a pattern or practice of persecution exists against Chinese Christians in Indonesia.

**3.** Although petitioner refers to the Convention Against Torture in the last line of his brief, he

conceded before the IJ that he could not
prevail on this claim and apparently with-

drew the claim. (IJ op., 2.) Therefore, the
claim is not before us.